UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESSENCE WELLER, individually and on behalf of others similarly situated,<br><br>　　　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　- against -<br><br>AT&T MOBILITY SERVICES LLC,<br><br>　　　　　　　　　　　　　　　　Defendant. | Case No.: 2:25-cv-00326<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiff ESSENCE WELLER (the "Named Plaintiff"), by her attorneys, Leeds Brown Law, P.C., alleges upon knowledge to herself and upon information and belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1. This action is brought pursuant to New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, to recover damages for delinquent wage payments made to workers who qualify as manual laborers and who were employed at any time by Defendant AT&T MOBILITY SERVICES LLC ("Defendant") between June 9, 2017[1] and the present (the "Relevant Period") in the State of New York.

2. Upon information and belief, throughout the Relevant Period, Defendant has compensated all its employees on a bi-weekly (every other week) basis, regardless of whether said employees qualified as manual laborers under the NYLL.

---

[1] Generally, the applicable statute of limitations for NYLL claims is six years – which means that ordinarily a complaint "looks back" exactly six (6) years from the date of filing. However, the statute of limitations period was tolled for a total of 228 days as a result of Gov. Cuomo's Executive Order Nos. 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, 202.67, and 202.72. *See Brash v. Richard*, 195 A.D.3d 582 (2d Dep't June 2, 2021) (concluding that the Executive Orders constitute a tolling – as opposed to a suspension – of filing deadlines). The parties executed a tolling agreement effective January 23, 2024. As such, 6 years and 228 days before January 23, 2024 was June 9, 2017.

1

3. Upon information and belief, Defendant has at no time during the Relevant Period been authorized by the New York State Department of Labor Commissioner to compensate its employees who qualify as manual laborers on a bi-weekly basis, in contravention of NYLL Article 6 § 191, which requires that without explicit authorization from the Commissioner, such workers must be compensated not less frequently than on a weekly basis.

## JURISDICTION & VENUE

4. This Court has personal jurisdiction over Defendant because Defendant conducts business throughout the State of New York, including at establishments located in this District where class members worked.

5. This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), under the provisions of the Class Action Fairness Act, which specifies that the federal courts maintain original jurisdiction in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a state different from any defendant, and the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. The Named Plaintiff submits that all such conditions are satisfied such that this Court has original jurisdiction.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## THE PARTIES

7. Plaintiff ESSENCE WELLER is an individual who currently resides in the State of New York, and was employed by Defendant as a non-exempt, hourly employee at Defendant's Carle Place, New York establishment in or around 2018.

8. Plaintiff typically performed physical tasks for more than of 25% of her workday, as her responsibilities included, but were not limited to by handling inventory, receiving, unpacking, organizing, storing, packaging, and labeling merchandise, and generally remaining on her feet for the entirety of her shift.

9. Plaintiff was compensated every other week, rather than weekly, by Defendant throughout the entirety of her employment. Thus, for the first half of each bi-weekly pay period, Plaintiff was injured in that she was temporarily deprived of money owed to her, and she could not save, invest, earn interest on, or otherwise use these monies that were rightfully his. Accordingly, every day that said money was not paid to her in a timely fashion, she lost the time value of that money.

10. Additionally, every time Plaintiff received late compensation for the work she performed, she was by definition being underpaid by Defendant. Every time that Defendant failed to pay Plaintiff and other employees who worked in manual labor positions their wages earned within seven days of the end of their workweeks, Defendant deprived the employees of the use of money that belonged to them. As a result, Plaintiff and putative class members were unable to do those things that every person does with their money, such as paying bills or buying goods that they needed and/or wanted to buy.

11. By retaining these wages earned beyond the legally permitted timeframe set by NYLL § 191, Defendant benefitted from the time value of the money at issue, and the free use of such funds, at the expense of Plaintiff and putative class members. For example, during the time such monies were wrongfully being withheld, Defendant was free to utilize those funds to purchase goods and services, as well as save, invest, or earn interest on them.

12. Upon information and belief, Defendant AT&T MOBILITY SERVICES LLC is a foreign limited liability company corporation organized under the laws of the State of Delaware, with a principal place of business located in the State of Georgia and is authorized to, and does, business in the State of New York.

## CLASS ALLEGATIONS

13. This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

14. This action is brought on behalf of the Named Plaintiff and a class consisting of similarly situated employees who performed work for Defendant in positions that required they perform physical tasks for more than 25% of their respective workdays.

15. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of hundreds of employees. In addition, the names of all potential members of the putative class are not known.

16. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

    a) whether Defendant compensated its employees on a bi-weekly basis;
    b) whether Defendant was lawfully permitted to compensate its employees on a bi-weekly basis; and,
    c) whether Defendant's conduct constitutes a violation of NYLL § 191.

17. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class members were all subject to Defendant's policies and willful practices of failing to compensate employees in compliance with applicable law.

18. The Named Plaintiff and her counsel will fairly and adequately protect the interests of the putative class.

19. The Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

20. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendant.

21. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendant's policies.

### FIRST CAUSE OF ACTION AGAINST DEFENDANT: FAILURE TO PAY TIMELY WAGES

22. The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

23. The timely payment of wages provisions of NYLL § 191 and its supporting regulations apply to Defendant and protect the Named Plaintiff and members of the putative class.

24. Defendant failed to pay the Named Plaintiff and members of the putative class on a timely basis as required by NYLL § 191(1)(a).

25. By the foregoing reasons, Defendant violated NYLL § 191(1)(a), and as such is liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiff, individually and on behalf of others similarly situated, seeks the following relief:

(1) on the first cause of action, against Defendant in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(2) together with such other and further relief the Court may deem appropriate.

Dated: Carle Place, New York　　　　　**LEEDS BROWN LAW, P.C.**
　　　　January 17, 2025

　　　　　　　　　　　　　　　　　　　_/s/ Brett R. Cohen_
　　　　　　　　　　　　　　　　　　　Brett R. Cohen
　　　　　　　　　　　　　　　　　　　Jeffrey K. Brown
　　　　　　　　　　　　　　　　　　　Michael A. Tompkins
　　　　　　　　　　　　　　　　　　　One Old Country Road, Suite 347
　　　　　　　　　　　　　　　　　　　Carle Place, New York 11514
　　　　　　　　　　　　　　　　　　　Tel: (516) 873-9550

　　　　　　　　　　　　　　　　　　　*Attorneys for the Named Plaintiff &*
　　　　　　　　　　　　　　　　　　　　　　*Putative Class*